**F I L E D**

**UNITED STATES COURT OF APPEALS**

**JUL 1 1998**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ARLENE ELIZABETH ROHDE
ALEXANDER,

Defendant-Appellant.

No. 97-4105
(D.C. No. 95-CR-000018-02)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **ANDERSON** and **LUCERO,** Circuit Judges.

Arlene Rohde pled guilty to bank robbery and possession of a firearm in

violation of 18 U.S.C. § 924(c) and § 2113(a), and was sentenced to 123 months

in prison. On appeal, Ms. Rohde contends the district court erred by increasing

her offense level by two points for obstruction of justice under U.S.S.G. § 3C1.1

and by denying a three-point reduction for acceptance of responsibility under

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.S.G. § 3E1.1. We disagree and affirm.

Ms. Rohde, along with Mr. Paul Jones, was indicted for committing several robberies in the state of Utah. Ms. Rohde pled guilty to counts five and six of the third superceding indictment, which charged her with robbing Zions First National Bank and carrying a firearm in connection with this robbery. The counts against Mr. Jones in the third superceding indictment were dismissed on speedy trial grounds, and he was reindicted for the same underlying offenses under a new case number.

The government moved to continue Ms. Rohde's sentencing until after she testified at Mr. Jones' trial. The court granted the government's request and specifically warned Ms. Rohde that her acceptance of responsibility reduction depended on her taking responsibility for the relevant conduct of her fellow bank robbers in addition to her own conduct, and testifying honestly at Mr. Jones' trial.[1] At that trial, Ms. Rohde committed perjury by stating that she had not carried a firearm into the Zions First National Bank, that Mr. Jones did not play a role in the robbery of the Zions bank, and that he had not provided her with a firearm to rob the Zions bank, all of which directly contradicted the testimony she gave at her plea hearing. At Ms. Rohde's subsequent sentencing hearing, the

---

[1]"Relevant conduct" includes in the case of jointly undertaken criminal activity "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B).

district court increased her offense level by two points for obstruction of justice after finding she committed perjury at Mr. Jones' trial and denied the acceptance of responsibility reduction on the same basis.[2]

The guidelines require a two-point upward departure when a defendant "willfully obstruct[s] or impede[s], or attempt[s] to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the *instant* offense." U.S.S.G. § 3C1.1 (emphasis added). "[C]ommitting, suborning, or attempting to suborn perjury" is clearly included within the type of conduct to which this enhancement applies. U.S.S.G. § 3C1.1, comment. (n.3(b)). Ms. Rohde contends the district court erred in upwardly departing two points under section 3C1.1 because the perjury she committed was in her former co-defendants' trial and not in any proceedings relating to the "instant offense" to which she pled guilty.

Ordinarily, we review the district court's factual findings for clear error and its legal conclusions regarding the interpretation of the guidelines de novo. United States v. Shumway, 112 F.3d 1413, 1426 (10th Cir. 1997). Because Ms.

---

[2]Pending before us is the prosecution's motion to supplement the record on appeal. Ms. Rohde objects only to including the transcript of Paul Jones' trial. The same judge presided over both Ms. Rohde's and Mr. Jones' proceedings and the court directly referred without objection to Ms. Rohde's testimony at Mr. Jones' trial during her sentencing hearing, rec., vol. III at 26, 28-29. We find it unnecessary to supplement the record on appeal with the transcript of Mr. Jones' trial. We therefore grant the motion except for the transcript of Mr. Jones' trial.

Rohde failed to object to this issue below, however, we review for plain error, i.e., "the district court's error must be 'particularly egregious' as well as 'obvious and substantial.'" United States v. Gacnik, 50 F.3d 848, 851-52 (10th Cir. 1995) (internal quotation marks and citations omitted).

In an attempt to protect her fellow bank robber and original co-defendant from criminal liability, Ms. Rohde made false statements at the trial of Mr. Jones concerning both her role and his role in the robbery of Zions First National Bank, which is the offense to which Ms. Rohde pled guilty. We therefore cannot conclude the district court committed plain error in assessing a two-point enhancement for obstruction of justice. See United States v. Bernaugh, 969 F.2d 858, 861 (10th Cir. 1992) ("section 3C1.1 enhancement applies where a defendant attempts to obstruct justice in a case closely related to his own, such as that of a codefendant").

We review a district court's refusal to decrease a defendant's sentence for acceptance of responsibility under U.S.S.G. § 3E1.1 for clear error. Gacnik, 50 F.3d at 853. Despite the district court's explicit warning that an acceptance of responsibility reduction depended on Ms. Rohde "truthfully admitting or not falsely denying any additional relevant conduct," U.S.S.G. § 3E1.1, comment. (n.1(a)), Ms. Rohde persisted in falsely denying Mr. Jones' role in the Zions First National Bank robbery at his trial. Conduct resulting in an obstruction of justice

-4-

enhancement "ordinarily indicates that the defendant has not accepted responsibility for [her] criminal conduct." U.S.S.G. § 3E1.1, comment. (n.4). We are therefore persuaded the district court was not clearly erroneous in denying Ms. Rohde's request for a sentence reduction based on acceptance of responsibility.

We **AFFIRM.**

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge